[Civil No. 1061. Filed March 20, 1909.]

[100 Pac. 774.]

THE UNITED GLOBE MINES, a Corporation, Plaintiff and Appellant, v. GILA COUNTY and W. W. BROOK-NER, Treasurer and Ex Officio Tax Collector of Gila County, Defendants and Appellees.

1. TAXATION—EQUALIZATION OF ASSESSMENTS—BY TERRITORIAL BOARD. In equalizing the assessments of property in the territory, so far as respects the territorial tax, the territorial board of equalization may base any order it may make upon abstracts of the assessment-rolls furnished by the clerks of the boards of supervisors of the various counties under its order without inspecting the assessment-rolls from which the abstracts were taken.

2. TAXATION—EQUALIZATION BY TERRITORIAL BOARD—REVIEW—SCOPE OF REMEDY.—The territorial board of equalization acts judicially, and its determination is not open to collateral attack, and hence, though its act in making an order equalizing an assessment is reviewable in an action brought to enforce or restrain the collection of a tax, the inquiry is limited to the ascertainment whether the board had jurisdiction or whether it acted in bad faith or arbitrarily as to amount to constructive fraud, and, if it appears that the board did not act arbitrarily or fraudulently, the sufficiency of the evidence to justify its order cannot be considered.

3. TAXATION—EQUALIZATION BY TERRITORIAL BOARD—PRESUMPTION OF REGULARITY.—In the absence of a showing to the contrary, it will be assumed that the territorial board of equalization in equalizing assessments proceeded regularly, and not arbitrarily.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

Herring, Sorin & Ellinwood, for Appellant.

The territorial board of equalization is a special statutory tribunal, and its action is void unless, and valid only, when its functions have been performed in the manner prescribed by the statute which confers the jurisdiction. The statute requires an examination of the various assessments, and nothing else will satisfy the statute. The examination is a necessary step—a condition precedent—and one of the essentials to jurisdiction of the subject matter. And having proceeded in disregard of the statute in that respect, the action of the board was not warranted by law. The board having failed to comply with this requirement of the statute, its action in increasing the valuation of "patented mines," was illegal and void. *Borough of Woodstown* v. *Assessors of Salem County* (N. J.), 56 Atl. 124; *Sea Isle City* v. *Board of Assessors,* 50 N. J. L. 50, 12 Atl. 771; *Englewood* v. *Hopper,* 54 N. J. L. 544, 23 Atl. 948; *Ridgewood Tp.* v. *Coe* (N. J.), 44 Atl. 952.

It is elementary that the only authority which the board of equalization possesses relating to the equalization of assessments is to be derived from the statute. Rev. Stats. 1901, pars. 3879, 3880. If the statute designates the subject matter upon which it is to act, it has jurisdiction only of such subject matter. The board has no authority to determine for itself whether it will follow the statute or disregard the statute and follow a method of its own. The statute marks the limit of its power, and if it goes beyond the statute, its acts are void. *Central Pac. Ry. Co.* v. *Evans,* 111 Fed. 79; *Bell* v. *Meeker,* 39 Ind. App. 224, 78 N. E. 643.

E. S. Clark, Attorney General, for Appellees.

SLOAN, J.—This suit was brought by the United Globe Mines, a corporation, against Gila county and W. W. Brookner, as tax collector of said county, to enjoin the collection

of certain taxes charged upon the duplicate assessment-roll of said county for the year 1906, against the patented mines owned by the plaintiff. The grounds upon which the injunction was sought, as set forth in the complaint, were: That the territorial board of equalization, at its meeting in August, 1906, found that the valuations of patented mines in the counties of Cochise, Gila, Mohave, Yavapai, and Yuma did not bear a fair relation or proportion to the valuations of similar property in all other counties in the territory. That in the counties of Coconino, Graham, Maricopa, Pima, Pinal, and Santa Cruz patented mines had been returned at practically a uniform and equal rate of assessment, and their valuations in said counties more closely approximated their cash value than in other counties, and were more nearly in accord with the general standard of valuation fixed throughout the territory, and thereupon arbitrarily raised the valuations of the patented mines in said last-named counties by certain percentages, as follows: Cochise county, four hundred per cent; Gila county, two hundred per cent; Mohave county, fifty per cent; Yavapai county, thirty-three and one-third per cent; Yuma county, one hundred per cent—and made no change in the valuations of the patented mines in any of the other counties or of other property anywhere in the territory. That the board of equalization based its findings and its order raising the valuations of patented mines in the counties named upon the abstracts of the assessment-rolls furnished by the clerks of the boards of supervisors of the various counties, and not upon any inspection or examination of the various assessment-rolls from which said abstracts were taken. That contrary to the express order of the territorial board of equalization, made at the August, 1905, meeting, requiring the abstracts to classify patented mines into gold, silver, lead and silver, copper and coal mines, these abstracts set forth under the one classification of patented mines all patented mines returned by the various counties; that the abstracts furnished by the counties of Graham, Coconino, Pima, and Pinal were defective, erroneous, and false, in that millsites were returned and classified by them as patented mines. That in the abstracts returned from the counties of Coconino, Pima and Pinal there were returned a greater number of patented mines than appeared upon the assessment-rolls of these counties, and

that in the abstract returned from the county of Graham there was an omission to return the full number of patented mines appearing upon the assessment-roll of said county. That these defects and omissions appeared in the abstracts from which the court determined and found that there had been in the counties named an approximate, uniform, and equal rate of assessment and standard of valuation to which the assessments of patented mines in the counties of Cochise, Gila, Mohave, Yavapai, and Yuma were made to conform by the order of the board, raising the valuations in said last-named counties by the percentages hereinbefore stated. That by reason of said false and erroneous abstracts and their examination and consideration by said board of equalization, and the failure of said board to examine and consider and act upon the various assessments for the year 1906 as they appeared upon the assessment-rolls of the various counties, no equalization was made by said board as required by law, and the action of the board in increasing the valuation of the patented mines of Gila county, including those of plaintiff, was without jurisdiction, and was null and void. It was further alleged that the board of supervisors of Gila county had caused to be placed upon the duplicate assessment-roll for the year 1906 the valuation of patented mines as increased by said territorial board of equalization, and had caused to be computed and carried out on said duplicate assessment-roll the territorial tax at the rate fixed by the territorial board of equalization, and also caused to be computed and carried out on the valuation of the patented mines as thus increased by said territorial board of equalization the taxes levied thereon for county and school purposes. That it had paid all of the taxes levied upon its property, except such part as was based upon the increased valuation put upon its patented mines by authority of the order of the territorial board of equalization. A general demurrer was filed to the complaint by the defendants, which was overruled by the trial court. Thereupon the appellees gave notice that they stood upon their demurrer, and filed no further answer in the case. The court thereupon gave judgment for the plaintiff restraining the collection of the taxes levied for county and school purposes based upon the increase in the valuation of the patented mines owned by the plaintiff as made by the territorial board

of equalization, and refused plaintiff any relief as to the territorial taxes charged against said patented mines of plaintiff based upon such increase of valuation so made by said territorial board of equalization.   From this judgment the plaintiff has appealed.

The judgment of the trial court having granted plaintiff the relief demanded in its complaint as to the unpaid taxes levied upon its patented mines for county and school purposes, the appeal presents the one question whether the showing made by the complaint was sufficient to establish plaintiff's right to an injunction restraining the collection of the unpaid taxes upon plaintiff's patented mines levied for territorial purposes.   The contention of counsel for appellant is that the showing made by the complaint establishes the invalidity of the order of the board of equalization in increasing the valuation of patented mines in Gila county, first, because the territorial board of equalization must find the proper scale of valuation from the assessment-rolls of the various counties and not from abstracts made therefrom; and, second, but, even admitting that the territorial board of equalization may use the abstracts for that purpose, the abstracts in question not having been made in accordance with the law, and being false and defective in the particulars pointed out in the complaint, the action of the board based upon such abstracts was illegal and void.   Upon the first ground thus relied upon as establishing the invalidity of the order of the board of equalization, counsel for appellant cite our decisions in *Copper Queen C. M. Co.* v. *Territorial Board of Equalization,* 9 Ariz. 383, 84 Pac. 511, and *Territory* v. *Board of Supervisors,* 9 Ariz. 405, 84 Pac. 519.   In the former case we decided that the territorial board of equalization, for the purpose of producing a just relation among the valuations of property in the territory, so far as regards the territorial tax, has the power to increase or diminish the valuation of property in any county by classes, and that the board of equalization in aid of its jurisdiction may require all the boards of supervisors of the various counties to make out and return abstracts of the assessment-rolls showing the assessments of the various kinds of property by classes, and may require a return of patented mines as a distinct class, or any

other subclassification of real estate which may be made from the assessment-rolls.

We find no warrant in the statutes for the position taken that the abstracts thus furnished under the order of the territorial board of equalization may not be used by the board as a basis for any order it may make in the way of equalizing the taxes among the various counties of the territory. Since we have held in *Territory* v. *Board of Supervisors* that the territorial board of equalization has no power or authority to change individual assessments, but its power and authority is limited to the determination of the scale of valuation to be adopted in order to harmonize and equalize assessments theretofore made, we see no reason why the abstracts may not, in most instances, furnish the information needed for that purpose. It is true we used the language, "The board must find the proper scale of valuation from the assessment-rolls of the various counties," but, when we consider the context, it will appear that we did not intend therein to declare that the abstracts properly made and furnished may not be taken by the board and used by the board as evidence of what the assessment-rolls may contain. If the abstracts of the assessment-rolls are not to be used by the territorial board of equalization as evidence of what the assessment-rolls contain, there can be no purpose in requiring the boards of supervisors to make out and return such abstracts. If the abstracts may be thus used, we are unable to see how they are open to attack as not being returned in accordance with any order of the territorial board of equalization or for the reason of their being erroneous or false in any particular. While the action of the board may undoubtedly be subject to review in a suit brought to enforce a tax or to restrain the collection of a tax based thereon, the court may only inquire into such action for the purpose of ascertaining whether the territorial board of equalization had jurisdiction to make the order, or to determine, when the issue be raised, whether the board of equalization acted in bad faith or so arbitrarily as to amount to constructive fraud in adopting its scale of valuation. If the method adopted by the board be that which the statute directs, and it does not appear that the board acted thus arbitrarily or fraudulently, we may not inquire into the question whether the evidence which was before the board was suffi-

cient to establish the justness of the scale of valuation found
and applied in equalizing the taxes between the various coun-
ties for any year.   Boards of equalization act judicially, when
within their jurisdiction, and their determinations are not
open to collateral attack.   *Stanley* v. *Supervisors,* 121 U. S.
550, 7 Sup. Ct. 1234, 30 L. Ed. 1000.   The complaint does
not show the existence of any act which indicates that the
territorial board of equalization in making its order increas-
ing the valuation of patented mines in Gila county based
upon the scale of valuation ascertained by it from an inspec-
tion of the abstracts returned from the counties of Graham,
Pima, Pinal, Maricopa, and Santa Cruz acted in bad faith
or arbitrarily, and without reference to the facts disclosed
by said abstracts; nor does it appear from the complaint that
the scale of valuation applied in Gila county and the other
counties in which increases were ordered was not the same
as that disclosed by the abstracts furnished by the boards of
supervisors from the said counties of Graham, Pima, Pinal,
Maricopa and Santa Cruz.   We do not know from the com-
plaint how or in what manner the territorial board of equal-
ization ascertained from the abstracts that there had been a
uniform valuation in the last-named counties, nor how or in
what manner the scale of valuation as applied to the other
counties was obtained from the abstracts.   In the absence of
a showing to the contrary, we must assume that the board
proceeded regularly, and not arbitrarily, in the matter.   It
is alleged, however, that the scale of valuation thus found
was applied to the county of Gila and to the other counties
affected by the raise.   Had the complaint shown as a matter
of fact that the board did not fix and determine some certain
scale of valuation in some one of the modes pointed out by
us in *Territory* v. *Board of Supervisors,* and apply this scale
of valuation to the various counties—that is, if it were shown
as a matter of fact that the territorial board of equalization
did not, in finding such scale of valuation, determine from
the abstracts or from the assessment-rolls, as the case may be,
that the scale of valuation as applied in one or more of the
counties was a true one, and apply this uniformly in the other
counties, or did not, as it might, determine the scale of val-
uation by adopting the average valuation put upon patented
mines as shown by the abstracts or assessment-rolls of all the

counties—it would have made out a case of want of jurisdiction or authority on the part of the board to make the order complained of; but as the only grounds for complaint, as set forth in the complaint, were the use of the abstracts by the board of equalization instead of the assessment-rolls and certain defects and erroneous statements in the abstracts, these do not raise a question of jurisdiction, and hence furnished no basis for relief, in so far as the territorial tax is concerned. We think the court properly enjoined the collection of the unpaid tax based upon the increased valuation of the patented mines of plaintiff made by the order of the territorial board of equalization which were levied for county and school purposes.

We think the trial court was right in holding that the complaint did not show facts which would establish the invalidity of the order of the territorial board of equalization equalizing the taxation of the patented mines in the territory for the year 1906; and for that reason the judgment is affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.